**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK ZANA, | No.   15-17101 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-01013-JCM-VCF |
| v. | |
| DWIGHT NEVEN, Warden and ADAM PAUL LAXALT, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted August 15, 2017
San Francisco, California

Before:  O'SCANNLAIN and RAWLINSON, Circuit Judges, and EZRA,[**] District Judge.

Nevada state prisoner Mark Zana (Zana) appeals the district court's denial of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

his petition for a writ of habeas corpus. Zana contends that he is entitled to a new trial as a result of jury misconduct in his criminal trial. Specifically, Zana maintains that the independent research conducted by Juror Thurman and subsequent discussions of that research with other jurors constituted prejudicial juror misconduct. Zana additionally requests that this court certify his claims related to the district court's denial of his motion to suppress and decision not to conduct a *Franks*[1] hearing. We affirm the decision of the district court and decline to certify Zana's uncertified claims.

As the Nevada Supreme Court concluded, Juror Thurman's failed internet research was juror misconduct under clearly established Supreme Court precedent. *See Turner v. Louisiana*, 379 U.S. 466, 472-73 (1965) (prohibiting the introduction of extraneous information to jurors). Because Juror Thurman's internet research was ultimately fruitless, the Nevada Supreme Court's conclusion that no harm resulted from this misconduct was not contrary to, or an unreasonable application of, clearly established Supreme Court authority. *See Davis v. Ayala*, 135 S. Ct. 2187, 2197, *reh'g denied*, 136 S. Ct. 14 (2015) (providing that a habeas petitioner is entitled to relief for assertions of trial error only if "the error was not harmless").

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

The additional juror conduct noted by Zana as potentially prejudicial did not rise to the level of misconduct under *Turner*.[2] Rather, those acts were common, everyday experiences, that may be considered in the course of jury deliberations. *See McCleskey v. Kemp*, 481 U.S. 279, 311 (1987) (recognizing that jurors rely on their life experiences).

We decline to certify Zana's claims regarding his motion to suppress and his request for a *Franks* hearing because Zana has not made a "substantial showing of the denial of a constitutional right." *Robertson v. Pichon*, 849 F.3d 1173, 1187 (9th Cir. 2017) (citation omitted).

**AFFIRMED.**

---

[2] During an evidentiary hearing, juror testimony revealed that at least one juror observed children at church in order to determine the ages of children in general. Another juror revealed that a fellow juror observed girls in casinos to gauge if he could discern their ages. Juror Thurman also conducted an "experiment" placing his cell phone and keys in his pants pocket, and attempting to stick his hands into his pocket while seated. The experiment was apparently intended to test the credibility of witnesses.